BRANDT, Appellant, v. BURKE, Respondent.

(164 N. W. 1033.)

(File No. 4245. Opinion filed November 12, 1917.)

**Suretyship—Surety For, Costs—Recovery Against—Remedy by Motion, Whether Exclusive—Statute.**

Under Code Civ. Proc., Sec. 438, providing that after final judgment in actions in which security for costs has been given, the court, after ten days' notice of motion, may enter judgment in name of defendant, etc., against surety for costs, for the amount of costs adjudged against plaintiff, and Sec. 433, providing that in cases in which plaintiff is a non-resident, etc., plaintiff must furnish security for costs, and that his obligation shall be complete by simply indorsing the summons or signing his name on the complaint as security for costs, **held**, that the method by simply indorsing a summons or signing, etc., is only permissive; that the remedy by motion provided by Sec. 438 is merely cumulative, and that an action at law lies to enforce the obligation of a surety for costs who became such by simple indorsement of summons.

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by C. D. Brandt, against S. J. Burke, to recover upon defendant's obligation as surety for costs. From an order sustaining demurrer to the complaint plaintiff appealed. Reversed.

*E. R. Slifer,* for Appellant.

*House & Dyer,* for Respondent.

Appellant cited: Hicock v. Tuck, 106 N. Y. Supp. 700; 5 Standard Proc. 974.

Respondent suggested, upon the authority of the following decision, that a surety for costs is not entitled to a jury trial upon a proposition of this kind, since there would be no disputed question or fact involved, citing: Dabney et al. v. Comes et al., 131 Pac. 150.

GATES, P. J. Appeal from an order sustaining a demurrer to plaintiff's complaint. Defendant became security for costs in

another action by indorsement upon the summons. The present plaintiff recovered judgment in that action, and this action is brought to recover from the surety the costs of that action. It is conceded by the parties that while the security for costs was furnished in justice court, the case having been appealed to and tried in the circuit court, section 438, C. C. P., is applicable to the enforcement of the liability of the surety. This opinion is based upon that assumption. That section provides:

"After final judgment has been rendered in an action, in which security for costs has been given, as required by this chapter, the court, on motion of the defentant, or any other person having a right to such costs or any part thereof, after ten days' notice of such motion, may enter up judgment in the name of the defendant, or his legal representatives, against the surety for costs, his executors or administrators, for the amount of the costs adjudged against the plaintiff, or so much thereof as may be unpaid. Execution may be issued on such judgment, as in other cases, for the use and benefit of the person entitled to such costs."

The only question presented by this appeal is whether the remedy by motion provided in that section is exclusive. The trial court held that it was. The proper solution of the question necessitates a reference to section 433, C. C. P. which reads as follows:

"In cases in which the plaintiff is a nonresident of the state or a foreign corporation, before commencing such action, the plaintiff must furnish a sufficient surety for costs. The surety must be a resident of the county or subdivision where the action is to be brought, and must be approved by the clerk. His obligation shall be complete by simply indorsing the summons, or signing his name on the complaint as security for costs."

It will be noticed that nonresident plaintiffs must furnish security for costs, but that section does not specify the particular method in which such security must be furnished. It simply provides that the obligation of the surety—
"shall be complete by simply indorsing the summons or signing his name on the complaint as security for costs."

That method is only permissive. A formal undertaking with proper surety would as fully comply with the statute as would

that method. Sections 433 to 438, C. C. P., first appeared as a part of the territorial law as section 6 of chapter 2, Laws 1872-3, evidently adopted from Ohio  In Schaefer v. Waldo, 7 Ohio St. 309, the court held that the method of indorsing the summons was not exclusive, but that the surety's signature upon the appearance docket to a statement, "I am security for costs," with the approval of the court, caused him to be security for costs. Now, if the method of becoming security for costs outlined in section 433, C. C. P. is not exclusive, then manifestly section 438 must be construed as applying alike to any method in which security for costs has been furnished. If such security had been furnished by a formal undertaking, it could not be seriously contended that a right of action upon the undertaking was taken away by section 438, C. C. P. The indorsement of the summons is but a short substitute for a formal undertaking. It is entirely clear to us that the remedy by motion provided by said section is merely cumulative, and that an action at law lies to enforce the obligation of a surety for costs who became such by simple indorsement of the summons.

The order appealed from is reversed.